IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MD | ) | |
| | ) | |
| | ) | Case: 4:22-CV-712 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASHU JOSHI, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Comes Now Plaintiff MD ("Plaintiff"), for the Complaint against Defendants Ashu Joshi, and states as follow:

1. Plaintiff is a resident of the State of Missouri.

2. Currently, Defendant Ashu Joshi ("Ashu") is a resident of Arkansas.

3. This Court has jurisdiction in that this case invokes questions of federal law and claims based on federal law.

4. This Court has supplemental jurisdiction over the state law claims.

5. Venue is proper in this Court in that a substantial amount of the conduct described herein occurred in the Eastern District of Missouri.

6. Plaintiff is currently under the age of 21.

7. At all times herein, Ashu was over the age of 21.

8. Ashu and Plaintiff first met in Kentucky when Plaintiff was a minor child and under the age of consent for sexual interactions.

9. In 2018, Ashu engaged in an illegal and inappropriate sexual relationship with Plaintiff when she was a minor child.

10. In 2018, Ashu produced, solicited, demanded, and/or possessed numerous images and/or videos of child pornography (as defined in 18 USC § 2556), which were depictions of Plaintiff in a lascivious display of her genitals, engaging in sexually explicit conduct, and/or were visual depictions of a minor (Plaintiff) engaging in sexually explicit conduct.

11. Ashu was prosecuted for the child pornography depicting Plaintiff in the United States District Court for the Eastern District of Missouri (see *United States of America v. Ashu Joshi,* Case Number 4:18-CR-00876-JAR). Specifically:

    a. On October 24, 2018, Ashu was indicted for crimes against Plaintiff, including the child pornography offenses;

    b. On January 29, 2020, Ashu was indicted for crimes against Plaintiff, including the child pornography offenses, in a Superseding Indictment;

    c. On September 16, 2020, Ashu pled guilty to, and was convicted of, a child pornography offense in which Plaintiff was the victim; and

    d. On October 7, 2020, Ashu was sentenced to 96 months in the Bureau of Prisons.

12. In that Ashu admitted the conduct in related proceeding, and admitted to such conduct under oath, Ashu is estopped from denying it.

**COUNT I – Violation of 18 U.S.C. § 2251 & 2252, brought pursuant to 18 U.S.C. § 2255**
**(Plaintiff v. Ashu)**

13. Plaintiff brings a claim under 18 U.S.C. § 2255 against Defendant Ashu due to Ashu's violation of 18 U.S.C. § 2251 and/or 18 U.S.C. § 2252.

14. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

15. 18 U.S.C. § 2251 and/or 18 U.S.C. § 2252 were enacted to prevent and criminalize the sexual exploitation of minors.

16. 18 U.S.C. § 2251 criminalizes the sexual exploitation of minors through means of interstate commerce.

17. 18 U.S.C. § 2252 criminalizes receiving, distributing, and/or possession of child pornography using facilities and/or means of interstate commerce.

18. When Plaintiff was a minor child, Ashu solicited, enticed, and/or coerced Plaintiff to send him sexually explicit pictures of herself.

19. Ashu utilized a cellular phone, internet, and/or means of interstate commerce in order to effectuate the conduct.

20. 18 U.S.C. § 2255 provides victims of violations of 18 U.S.C. § 2251 & 2252, such as Plaintiff, a civil remedy and right to bring a civil action for personal injury, including damages, reasonable attorneys' fees, costs incurred pursuing this action, and punitive damages.

21. Plaintiff was the victim of Ashu's violations of 18 U.S.C. § 2251 & 2252.

22. As a direct and proximate cause of Ashu's violations of 18 U.S.C. § 2251 & 2252, Plaintiff suffered, and continued to suffer until her suicide, injuries including, without limitation, emotional distress, psychological trauma, embarrassment, anxiety, post-traumatic stress disorder, and/or mortification.

23. As a direct and proximate cause of Ashu's conduct, Plaintiff has suffered damages, including emotional distress, humiliation, anxiety, embarrassment, and fear.

24. Plaintiff is entitled to an award of reasonable attorneys' fees.

25. Ashu's conduct warrants an award of punitive damages.

Wherefore, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendant Ashu and award Plaintiff an award of monetary damages of $10,000,000.00, punitive damages, attorneys' fees, costs incurred pursuing this action, interest as allowed by law, and such other and further relief this Court deems just and proper.

### Count II – Fraudulent Transfers pursuant to § 428.024 & § 428.029 of the Revised Missouri Statutes
### (Plaintiff v. Ashu)

26. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.
27. Since committing criminal acts against Plaintiff, Ashu was aware that Plaintiff was a present or future creditor of Ashu and that Ashu was a debtor.
28. Since being indicted for his criminal offenses against Plaintiff, Ashu was aware that Plaintiff was a present or future creditor of Ashu and that Ashu was a debtor
29. Since January and/or February 2020, Ashu was aware that Plaintiff was a present or future creditor of Ashu and that Ashu was a debtor.
30. After being aware that Plaintiff was a creditor of his, Ashu began transferring and conveying assets to other persons for the purposes of defrauding Plaintiff as a creditor.
31. Ashu's transfers and/or conveyances were committed:
    a. With actual intent to hinder, delay, or defraud Plaintiff as a creditor of Ashu;
    b. Without receiving a reasonably equivalent value in exchange for the transfer and Ashu intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
32. Ashu's transfers were to insiders. Specifically, the transfers were made to family members and, namely, his brother.
33. Ashu's transfer was substantially all of his assets.

34. Ashu removed and/or concealed assets.

35. Before the transfers, Ashu had been subject to a suit, which had significant financial penalties.

36. As a defrauded creditor, Plaintiff is entitled to remedies in § 428.039 of the Revised Missouri Statutes.

Wherefore, pursuant to § 428.039 of the Revised Missouri Statutes, Plaintiff requests one or more of the following remedies:

   a. Avoidance of the transfer to the extent necessary to satisfy Plaintiff's claim;
   b. An attachment or other provisional remedy against the assets transferred or other property of Ashu;
   c. Appointment of a receiver to take charge of the assets transferred or of other property of Ashu; and/or
   d. Any other relief the circumstances require.

Respectfully Submitted,

**THE O'BRIEN LAW FIRM, PC**

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

Case: 4:22-cv-00712   Doc. #:  1   Filed: 07/06/22   Page: 6 of 6 PageID #: 6