UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MADISON DOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00712-SRC |
| | ) |
| ASHU JOSHI, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Plaintiff Madison Dole claims that Defendant Ashu Joshi injured her by enticing her to send him sexually explicit pictures of herself while she was a minor, in violation of various federal statutes. She brings this suit under 18 U.S.C. § 2255, seeking monetary damages. Doc. 37. Dole also brings a Missouri-state-law fraudulent-transfer claim. *Id.* The Court here considers Joshi's Motion to Dismiss. Doc. 28. For the reasons explained below, the Court denies the Motion.

**I.      Background**

**A.      Sources of facts**

The Court begins by briefly addressing the sources of the facts on which it relies. First, for purposes of the motion to dismiss, the Court accepts as true the well-pleaded facts in Dole's Third Amended Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the Court takes judicial notice of the public records in the federal prosecution of Joshi on various charges of criminal sexual activity and child pornography. *United States v. Joshi*, 4:18-CR-00876-JAR, Doc. 265 at p. 3 (E.D. Mo. Sept. 16, 2020); Fed. R. Evid. 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("[D]istrict court[s] may take judicial notice of public

records and may thus consider them on a motion to dismiss." (citation omitted)); *Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909–10 (9th Cir. 1967) (stating that a district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)). Notably, in their pleadings and briefs in this case, both parties reference documents docketed in that case.

Further, 18 U.S.C. § 3664(l) provides: "A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding . . . brought by the victim." As Joshi acknowledges, Doc. 28 at pp. 1, 5, Dole brought this suit after receiving compensation as a "victim" under the order of restitution in Joshi's criminal case. Joshi cannot here deny the essential allegations of the offense he pled guilty to in the criminal case.

**B.     Facts**

Joshi, a doctor, first met Dole in Kentucky. Doc. 37 at ¶ 8. In 2018, Joshi engaged in an illegal and inappropriate sexual relationship with Dole while she was still a minor. Doc. 37 at ¶ 9. That same year, Joshi produced, solicited, demanded, or possessed numerous images and/or videos depicting Dole, then a minor, in a lascivious display of her genitals and engaging in sexually explicit conduct. *Id.* at ¶ 10.

In his Guilty Plea Agreement and at his change-of-plea hearing, Joshi agreed that it was true that he took "pornographic photographs" of Dole, and that he and Dole exchanged the photographs over the Facebook Messenger app. 4:18-CR-00876-JAR, Doc. 265; *id.* at Doc. 307, pp. 26–29. The photographs came to the attention of law enforcement after Facebook reported them to the National Center for Missing and Exploited Children. *Id.* at Doc. 265, p. 3. When

law enforcement questioned him, Joshi admitted receiving the child pornography images from Dole and distributing them back to her. *Id.* at Doc. 307, p. 27. Even if the Court did not consider these facts from the criminal case, the allegations in Dole's Third Amended Complaint sufficiently state a claim. Doc. 37.

A federal grand jury returned a four-count Superseding Indictment against Joshi: count one charged Joshi with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a); count two charged him with transportation of a minor with intent to engage in criminal sexual activity in violation of § 2423(a); count three charged Joshi with distribution of child pornography in violation of § 2252A(a)(2); and count four charged him with receipt of child pornography in violation of § 2252A(a)(2). 4:18-CR-00876-JAR, Doc. 203 (E.D. Mo. Jan. 29, 2020).

Joshi entered into a plea agreement and pleaded guilty to count three, distribution of child pornography, and the United States agreed to dismiss the remaining counts. Doc. 37 at ¶ 11; 4:18-CR-00876-JAR, Doc. 264. The Honorable John A. Ross sentenced Joshi to 96 months imprisonment on count three and granted the United States' motion to dismiss the remaining counts, pursuant to the plea agreement. 4:18-CR-00876-JAR, Docs. 287, 290. Judge Ross also ordered Joshi to pay restitution to Dole, the victim, in the amount of $800,000. *Id.* at Doc. 282; *see also id.* at Doc. 308, pp. 81:16–82:3.

Dole, no longer a minor, then filed this civil suit under a pseudonym, bringing claims under 18 U.S.C. § 2255 and Mo. Rev. Stat. §§ 428.024 and .029. Doc. 1. Following the Court's denial of Dole's Motion for Leave to Proceed Using Initials, *see* Doc. 30, Dole filed an Amended Complaint under her legal name, Doc. 31, then filed a motion for leave to file a Third Amended Complaint, which the Court granted, Doc. 36.

3

In count one of her Third Amended Complaint, Dole alleges that while she was a minor, Joshi "solicited, enticed, and/or coerced [her] to send him sexually explicit pictures of herself," and that he "utilized a cellular phone, internet, and/or means of interstate commerce" to do so. Doc. 37 at ¶¶ 18–19. Dole alleges that she "was the victim of [Joshi]'s violations of 18 U.S.C. § 2251, 18 U.S.C. § 2252, and/or 18 U.S.C. § 2252A." *Id.* at ¶¶ 21–22. As a result of the violations, she alleges that she "suffered, and continues to suffer, injuries including, without limitation, emotional distress, psychological trauma, embarrassment, anxiety, post-traumatic stress disorder, and/or mortification." *Id.* at ¶¶ 21–22. She also alleges that because of Joshi's actions she "has suffered damages, and will continue to suffer damages, including emotional distress, humiliation, anxiety, embarrassment, and fear." *Id.* at ¶ 23.

In count two, Dole alleges that since January or February 2020, and while fully aware that Dole was a "present or future creditor," Joshi "began transferring and conveying assets to other persons for the purposes of defrauding [Dole] as a creditor," in violation of state law. *Id.* at ¶¶ 27–30. She claims that Joshi transferred "substantially all of his assets" to "family members and, namely, his brother." *Id.* at ¶¶ 32–33. She also alleges that Joshi "removed and/or concealed assets." *Id.* at ¶ 34.

The Court gave Joshi notice that it intended to treat his earlier Motion to Dismiss, Doc. 14, as being directed to the Third Amended Complaint. Doc. 36. Joshi did not object.

## II.     Standard

### A.     Rule 12(b)(6) standard

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to give "a short and plain statement . . . showing that

4

the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must make all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (internal quotation marks omitted). Although courts must accept all factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679. Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. This "context-specific" task requires the Court to "draw on its judicial experience and common sense." *Id*. at 679, 682.

B.      **Rule 12(b)(1) standard**

A Rule 12(b)(1) motion allows a court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). When deciding a motion under Rule 12(b)(1), a court must decide if a defendant makes a facial or factual attack on jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

"In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal quotation marks omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citation omitted). To survive a motion to dismiss for lack of subject-matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject-matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**III.    Discussion**

Joshi raises three arguments. First, he argues that Dole fails to state a claim under 18 U.S.C. § 2255 because she previously received compensation under the Mandatory Victim's Restitution Act and because a state judge deemed Joshi and Dole married under Kentucky law.

6

Second, Joshi argues that the Court lacks subject-matter jurisdiction.  Third, Joshi argues that venue is improper.  The Court addresses each argument in turn.

### A.     Failure to state a claim

#### 1.     Statutory basis for Dole's civil suit

First, Joshi argues that because Dole received restitution as the victim in the underlying criminal case against him, she "has no legal or factual basis to seek additional restitution."  Doc. 28 at pp. 5–6.  Dole argues that the relevant statutory language contradicts Joshi's argument.  Doc. 24 at pp. 3–4.  The Court agrees with Dole.

18 U.S.C. § 2255 provides in relevant part:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a).  While the Eighth Circuit has not addressed whether receiving mandatory restitution bars a victim from suing under 18 U.S.C. § 2255, the Third Circuit addressed the issue in *Doe v. Hesketh*, 828 F.3d 159 (3d Cir. 2016).  As an initial matter, the Court agrees with the Third Circuit's observation in *Doe* that "[t]he language of the statute makes clear that the civil right of action it provides is available to 'any person' who, while a minor, was a victim of a violation of a predicate statute resulting in personal injury."  828 F.3d at 167–68.  In other words, "the text of 18 U.S.C. § 2255 in no way limits the availability of the civil right of action to cases in which a victim has not been compensated in the past by a restitution order."  *Id.* at 168.

The Third Circuit also reasoned that this "unambiguous" reading of 18 U.S.C. § 2255 is "consistent with Congress's remedial scheme for child victims of sex crimes."  *Id.*  As the Third

7

Circuit noted, *id.* at 168–69, the procedures governing mandatory restitution under 18 U.S.C. § 2259 provide that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any Federal civil proceeding . . . ." 18 U.S.C. § 3664(j)(2). Further, Joshi cannot deny the essential allegations of his criminal offense. 18 U.S.C. § 3664(l) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding . . . brought by the victim."). The Third Circuit also noted that "[c]ivil actions, such as that provided in § 2255, also allow a victim to recover additional categories of damages not compensable as part of restitution." *Doe*, 828 F.3d at 171. *Compare* 18 U.S.C. § 2255 (providing for liquidated- and punitive-damages awards), *with* 18 U.S.C. § 2259 (requiring an order of restitution for "the full amount of the victim's losses").

     For these reasons, among others, the Third Circuit held in *Doe* that "18 U.S.C. § 2255 permits a victim to bring a civil claim for the violation of a predicate statute even where that victim has previously received criminal restitution for the same violation of that statute for her purported full damages." 828 F.3d at 171. The Court agrees—noting, as did the Third Circuit, that under 18 U.S.C. § 3664(j)(2) the "amount paid to [the] victim under [the] order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim." *Id.* This statutory text belies Joshi's argument that a restitution order somehow bars further compensation. *See id.* at 169 ("With these provisions, Congress not only contemplated that a victim who had received restitution could file a subsequent civil action, but also provided procedures for that very situation."). Accordingly, Joshi's first argument lacks merit.

8

**2.     Judicial estoppel**

Second, Joshi argues that because Dole "received compensation in excess of $800,000 by plea agreement and court order under the Mandatory Victim's Restitution Act," the Court should apply "judicial estoppel" to bar her from recovering further damages.  Doc. 28 at p. 1.  In response Dole argues, among other things, that she was not a party to the plea agreement between Joshi and the United States in his criminal case.  *Id.*

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (first quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000); then citing 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); and then citing 18 *C. Wright, A. Miller, & E. Cooper*, Federal Practice and Procedure § 4477, p. 782 (1981) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory")).  "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id.* at 750 (cleaned up).

The Supreme Court has identified three non-exhaustive factors for determining whether a court should apply judicial estoppel:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would

9

>derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750–51 (internal quotations and citations omitted); *see also United States v. Hamed*, 976 F.3d 825, 829 (8th Cir. 2020) (applying the three *New Hampshire* factors "to determine if the district court abused its discretion").

As an initial matter, Joshi does not provide any support for the application of judicial estoppel—an equitable doctrine—to bar a victim from bringing a civil suit for damages where, as here, relevant statutes: (1) create the cause of action, *see* 18 U.S.C. § 2255; and (2) expressly contemplate such a suit following a mandatory restitution order, 18 U.S.C. § 3664(j)(2), (l). For this reason alone, the Court declines to apply judicial estoppel to bar Dole's claims for damages under 18 U.S.C. § 2255. *Cf. Doe*, 828 F.3d at 173 (declining to apply collateral estoppel to prevent a suit under 18 U.S.C. § 2255 because "far from expressly foreclosing subsequent civil claims, the restitution laws expressly contemplate such claims"); *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 (8th Cir. 1987) (describing collateral estoppel and judicial estoppel as "[t]wo related doctrines").

The Court reaches the same result applying the *New Hampshire* factors. *See* 532 U.S. at 750–51. Under the first factor, "a party's later position must be clearly inconsistent with *its* earlier position" for judicial estoppel to apply. 532 U.S. at 750 (emphasis added). The second and third factors similarly ask "whether the party has succeeded in persuading a court to accept *that party's* earlier position," and "whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped." *Id.* (emphasis added).

As Dole points in out in her response, she was not a "party" to the plea agreement or stipulation regarding restitution in Joshi's criminal case. *See* Doc. 24 at p. 3; 4:18-CR-00876-JAR, Doc. 265 (stating that the parties to the plea agreement "are the defendant, ASHU JOSHI,

10

represented by [counsel], and the United States of America"); *id.* at Doc. 292 (Oct. 9, 2020) (stipulation regarding restitution, signed by Joshi, Joshi's counsel, and the Assistant United States Attorney). Joshi does not address Dole's "not-a-party" argument. *See* Docs. 25, 28. Nor does Joshi argue that Dole was in privity with the United States with respect to the plea agreement or stipulation regarding restitution. *See, e.g.*, *Do*e, 828 F.3d at 171–72 (applying the privity framework the Supreme Court set out in *Taylor v. Sturgell*, 553 U.S. 880 (2008), and concluding that "[t]he interests of a victim and the government in a restitution determination are not sufficiently similar for a finding of privity").

Thus, under *New Hampshire*, Joshi's failure to establish that Dole was a party to the criminal proceeding means that judicial estoppel does not apply to bar her from seeking damages in this civil proceeding. *See New Hampshire*, 532 U.S. at 750–51. The Court declines to apply judicial estoppel for this reason, as well.

### 3. Kentucky marriage

Third, Joshi claims that "[o]n June 23, 2018 [he] and Dole were married in a private ceremony in the Commonwealth of Kentucky," and that a Kentucky state court later "recognized and validated" the marriage. Doc. 28 at pp. 2–3 (citing Doc. 28 at pp. 11–12). According to Joshi, his marriage to Dole "foreclose[s] [Dole] from seeking . . . 'damages' in this Court as a 'victim' under Sec. 2255." *Id.* at p. 2. Joshi also argues that "at all times relevant, [Dole] had reached the age of majority under Kentucky law," and thus "no illegal 'sexual activity' occurred." *Id.* Joshi attached to his motion to dismiss what appears to be a copy of a Kentucky state-court order recognizing the marriage. Doc. 28 at pp. 11–12.

The Court notes that Joshi initially raised the Kentucky-marriage issue in a motion to dismiss the indictment in his criminal case. *See* 4:18-CR-00876-JAR, Doc. 118 at pp. 3–7 (Nov.

11

22, 2019) (arguing that the charges in the indictment were unconstitutional because they lacked a marriage exception). However, Joshi withdrew his motion and pleaded guilty to one count of distribution of child pornography. *Id.* at Docs. 242, 264, 265. The Court also notes that Joshi now argues, in a related 28 U.S.C. § 2255 petition, that his counsel was ineffective in, among other things, "abandoning [Joshi]'s Constitutional claims without his knowledge and consent . . . ." *Joshi v. United States*, 4:21-CV-01253-JAR, Doc. 10 at pp. 5–6 (Feb. 7, 2022).

To support his argument that marriage bars a victim from suing under 18 U.S.C. § 2255, Joshi cites the Kentucky statute regarding lack of consent as it relates to sexual offenses under state law. *See* Doc. 28 at p. 2 (citing Ky. Rev. Stat. § 510.020 (2018)). But the only provision of that statute that mentions marriage provides that "[t]he provisions of *subsection (3)(e)* of this section shall not apply to persons who are lawfully married to each other and no court order is in effect prohibiting contact between the parties." Ky. Rev. Stat. § 510.020(4) (emphasis added). Subsection (3)(e) provides:

> (3) A person is deemed incapable of consent when he or she is:
>
> . . .
>
> (e) Under the care or custody of a state or local agency pursuant to court order and the actor is employed by or working on behalf of the state or local agency.

§ 510.020(3) (2012). In other words, spouses are capable of consent when no order of protection bars contact, and they meet the requirements of Subsection (3)(e), i.e., under the care or custody of a state or local agency pursuant to a court order and one of them is employed by or working on behalf of the agency.

The Court notes that although the statute was amended effective July 14, 2018, other than changing the internal reference in subsection (4) from "(3)(e)" to "(3)(f)," the portions of the statute quoted above remain the same. *See* § 510.020 (2018). As Joshi does not argue that Dole

12

was "under the care of custody of a state or local agency pursuant to court order," § 510.020 simply does not apply. *Id.*

The Court infers that Joshi is attempting to raise a similar argument to the constitutional argument he made, then withdrew, in his criminal case. *See* 4:18-cr-00876-JAR, Doc. 118 at pp. 3–7. But Joshi does not provide any support for his argument here that a valid marriage between Dole and Joshi in Kentucky, assuming one exists, prevents Dole from suing him under 18 U.S.C. § 2255.

18 U.S.C. § 2255 does not contain a "marriage exception," and Joshi does not point to any court finding that one exists. For these reasons, even assuming without deciding that Joshi's marriage to Dole was valid under Kentucky law, the Court finds that Joshi's Kentucky-marriage argument fails to provide a basis for dismissing Dole's 18 U.S.C. § 2255 claims.

    **4.  Fraudulent conveyance**

Finally, Joshi argues that it is "a legal, technical, and factual impossibility" for Joshi to have "conspire[d] with his brother to engage in any '*fraudulent conveyance*' as alleged" in count two, because Joshi was required to "fully disclose his financial statements to the court" as part of his federal criminal case. Doc. 28 at p. 7. Joshi also argues that Dole has "engaged in slander, libel, and defamation of character" because her allegations in count two, if true, "would have been a criminal act under federal law . . . ." *Id.* at p. 6. But taking Dole's allegations as true, as the Court must at this stage, the Court finds that Joshi's arguments regarding count two lack merit.

B.     Lack of subject-matter jurisdiction

Although Joshi frames his motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim, he raises several jurisdictional challenges which the Court construes as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.

Joshi notes that Dole brings this case under 18 U.S.C. § 2255, and argues that because "this is a claim brought by statute, there is no 'federal question' to decide." Doc. 25 at p. 1. Because the Court construes this as a facial attack on jurisdiction, the Court presumes that all of the factual allegations in the Third Amended Complaint are true, as it does when considering a Rule 12(b)(6) motion. *Carlsen*, 833 F.3d at 908.

Dole brings this action under 18 U.S.C. § 2255, which provides a civil remedy for personal injuries resulting from a violation of a various federal crimes, including 18 U.S.C. § 2252A, the statute that Joshi pleaded guilty to violating. Doc. 37 at ¶¶ 3, 11; *United States v. Joshi*, 4:18-CR-00876-JAR, Doc. 264 (E.D. Mo. Sept. 16, 2020). Because Dole brings this action under a federal statute providing a cause of action, federal-question subject-matter jurisdiction exists. *V S Ltd. P'ship*, 235 F.3d at 1112.

The Court briefly addresses Joshi's remaining jurisdictional arguments. Joshi claims that "Plaintiff lacks standing under diversity of citizenship." Doc. 28 at p. 1. But as the Court has federal-question jurisdiction under 18 U.S.C. § 2255, whether the parties are diverse is irrelevant.

Joshi also claims that "the legal marriage of the parties . . . deprives the Court of supplemental jurisdiction to adjudicate Plaintiff's state law claims." Doc. 28 at p. 1. However, as Dole correctly points out, Doc. 24 at p. 2, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

14

jurisdiction that they form part of the same case or controversy." Further, "[c]laims within the action are part of the same case or controversy if they derive from a common nucleus of operative fact." *Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 771 (8th Cir. 2022) (quoting *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005)).  And "[c]laims derive from a common nucleus of operative fact if they are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

In count two of her Third Amended Complaint, Dole brings state-law claims against Joshi under Mo. Rev. Stat. §§ 428.024 and .029 for fraudulent conveyance of assets.  Doc. 37 at ¶¶ 26–36.  She alleges that ever since Joshi was indicted he has been aware that Dole was a present or future creditor, and that he "began transferring and conveying assets to other persons for the purposes of defrauding [Dole] as a creditor."  *Id.* at ¶ 30.  Dole's fraudulent-conveyance claim thus is connected to, and arises from, Joshi's criminal proceeding—the same "common nucleus of operative fact" underlying her claim under 18 U.S.C. § 2255.  The Court accordingly has supplemental jurisdiction over Dole's state-law claims.  28 U.S.C. § 1367(a).  For these reasons, the Court denies Joshi's motion to dismiss for lack of subject-matter jurisdiction.

      C.      **Improper venue**

In his reply, Joshi argues for the first time that venue is improper.  Doc. 25 at p. 2.  Rule 12(b)(3) of the Federal Rules of Civil Procedure allows dismissal if venue is "wrong" or "improper"—a determination that, in turn, "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

15

As an initial matter, as Joshi did not raise the issue in his motion, the Court considers it waived. *See United States v. Grace*, 893 F.3d 522, 525 (8th Cir. 2018). Joshi's improper-venue argument also fails on the merits. Here, as Joshi correctly identifies, 18 U.S.C. § 2255(c)(1) provides that "[a]ny action brought under subsection (a) may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28." Joshi himself claims to be a resident of Missouri, Doc. 25 at p. 2, making venue proper under 28 U.S.C. § 1391(b)(1).

Further, in his plea agreement in *United States v. Joshi*, Joshi admitted that "in the Eastern District of Missouri, he knowingly distributed video and still images of self-produced child pornography over the internet to [Dole]." 4:18-CR-00876-JAR, Doc. 265. And at the sentencing hearing, Joshi agreed that he "knowingly distributed video and still images of self-produced child pornography" in the Eastern District of Missouri. *Id.* at Doc. 308, pp. 11:19–12:20. Dole brings this case under 18 U.S.C. § 2255 based on this conduct. Doc. 37. Accordingly, venue is proper under 28 U.S.C. § 1391(b)(2), which provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." The Court denies Joshi's Rule 12(b)(3) motion on this basis, as well.

V.   **Conclusion**

For the reasons stated above, the Court denies Joshi's [28] Motion to Dismiss. Per Rule 12(a)(4), Joshi must file an answer to Dole's Third Amended Complaint "within 14 days after notice" of this Memorandum and Order.

Case: 4:22-cv-00712-SRC   Doc. #: 48   Filed: 06/13/23   Page: 17 of 17 PageID #: 285

So Ordered this 13th day of June 2023.

_SL R. CQ_

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE